# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

KBI TRANSPORT SERVICES,

    and

KATHEER B. IBRAHIM,

           Plaintiffs,

       v.

MEDICAL TRANSPORTATION
MANAGEMENT, INC.,

         Defendant.
</td><td>

Civil Action 09-01292  (HHK)
</td></tr>
</table>

## MEMORANDUM OPINION AND ORDER

Plaintiffs KBI Transport Services and Katheer B. Ibrahim (collectively "KBI") bring this action against Medical Transportation Management, Inc. ("MTM").  KBI alleges that MTM failed to pay KBI, pursuant to a contract, for staff and services provided before MTM terminated that contract.  KBI brings claims of breach of contract, fraudulent misrepresentation, negligence, and unjust enrichment.  Before the Court is MTM's motion for partial dismissal [#6].  Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

# I. BACKGROUND

Ibrahim owns KBI Transport Services, a company that provides transportation related to the provision of health care—such as rides to doctor's offices or pharmacies—to individuals enrolled in Medicare.  MTM acts as a broker between companies like KBI Transport Services and the District of Columbia.[1]

Beginning October 17, 2007, KBI Transport Services[2] entered into a one-year agreement with MTM.  According to KBI's complaint, MTM "unilaterally and unlawfully" terminated the contract on July 31, 2008.  Compl. ¶ 18.[3]  KBI alleges that MTM "refused to compensate" KBI for a balance of $20,248 owed to KBI for services provided before the termination of the contract.  *Id.* ¶¶ 26-27.

KBI's complaint includes various claims, each brought by both plaintiffs.  First, it alleges breach of contract, stating that KBI "performed its duties as specified by the Agreement" between the parties but MTM "failed to perform its duties."  *Id.* ¶¶ 31-32.  Next, it alleges

---

[1]     Ibrahim is domiciled in, and KBI Transport Services has its headquarters in, the District of Columbia.  MTM's headquarters are in Missouri.  Plaintiffs seek relief in the amount of one million dollars.  Plaintiffs have invoked this Court's diversity jurisdiction, and MTM has not challenged the contention that this case is properly before this Court.

[2]     The identity of the party who contracted with MTM is in some dispute.  For the reasons explained below, the Court concludes that KBI Transport Services, not Ibrahim nor both plaintiffs jointly, entered into the contract.  The parties informed the Court at oral argument on this motion that KBI Transport Services may not be incorporated, and thus the proper plaintiff may be Ibrahim d/b/a KBI Transport Services.  The Court rules on this motion based on the information before it and will consider whether substitution of the named plaintiff is appropriate in the event a motion requesting leave to amend the complaint is filed.

[3]     MTM has filed a counterclaim against KBI Transport Services alleging that KBI Transport Services breached the parties' contract by failing to adhere to specified guidelines in providing transportation services.  Countercl. ¶¶ 2, 6

fraudulent misrepresentation, stating that "MTM made false representations and/or willful omissions of one or more material facts," "MTM intended to induce reliance by KBI," and "KBI acted in reliance on the false representation(s) and/or willful omission(s), particularly by entering into the Agreement." *Id.* ¶¶ 35-38.  Third, the complaint alleges negligence, stating that MTM owed KBI a duty of care, breached that duty, and thereby caused injury to KBI. *Id.* ¶¶ 41-43. Finally, the complaint alleges unjust enrichment, stating that KBI "provided labor and services on behalf of MTM" and MTM "failed to pay KBI in full for the labor and services provided" despite accepting them. *Id.* ¶¶ 46-50.

## II. LEGAL STANDARD

### A.      Applicable Law

As a threshold matter, the Court notes that this action invokes this Court's diversity jurisdiction.  Under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2006) (holding that for purposes of applying the *Erie* doctrine, D.C. law qualifies as state law (citing *Lee v. Flintkote Co.*, 593 F.2d 1275, 1279 n.14 (D.C. Cir. 1979))).  But "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini*, 518 U.S. at 427.  In this case, the Federal Rules of Civil Procedure govern the standard for dismissal and D.C. law determines the elements of each claim. *Id.* at 427 n.7 ("Concerning matters covered by the Federal Rules of Civil Procedure, the characterization question is usually unproblematic: It is settled that if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and

3

the Constitution, the Federal Rule applies regardless of contrary state law." (citations omitted));

*Novak*, 452 F.3d at 907 (holding that in "a diversity case, the substantive tort law of the District of

Columbia controls" (quoting *Smith v. Wash. Sheraton Corp.*, 135 F.3d 779, 782 (D.C. Cir. 1998))

(internal quotation marks omitted)).   But application of the Federal Rules in diversity cases is not

always straightforward.   *See Gasperini*, 518 U.S. at 427 n.7 (noting that "[f]ederal courts have

interpreted the Federal Rules . . . with sensitivity to important state interests and regulatory

policies" and citing cases in which federal courts have applied state law where it does not conflict

with a related Federal Rule).

**B.      Rule 12(b)(6) Dismissal**

        Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a

complaint, or any portion of it, for failure to state a claim upon which relief may be granted.   Fed.

R. Civ. P. 12(b)(6).   Federal Rule of Civil Procedure 8 requires that a complaint contain "a short

and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P.

8(a)(2).   The United States Supreme Court has explained that "the pleading standard Rule 8

announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)) (internal citation omitted).   A court considering a motion to dismiss

pursuant to Rule 12(b)(6) must assume that all factual allegations in the complaint are true, even

if they are doubtful.   *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

MTM has filed a motion seeking dismissal of KBI's claims of fraudulent

misrepresentation, negligence, and unjust enrichment as well as all claims brought by Ibrahim.

**A.      Ibrahim's Breach of Contract Claim**

MTM asserts that all claims brought by Ibrahim, in particular his breach of contract claim,

should be dismissed because only MTM and KBI Transport Services are parties to the contract.

KBI responds that the complaint's allegation that "KBI and MTM entered into the Agreement"

includes an allegation that Ibrahim is party to the contract; the complaint indicates that references

to "KBI" mean KBI Transport Services and Ibrahim.  Pls.' Opp'n to Def.'s Mot. for Partial

Dismissal at 3 ("Pls.' Opp'n").

The Court agrees with MTM.  The contract states explicitly that it is between MTM and

KBI Services.  Def.'s Mot. for Partial Dismissal, Ex. 1 at 1 ("THIS AGREEMENT is made and

entered into . . . by and between [MTM] and KBI Transport Services, a District of Columbia

Busi[n]ess.").[4]  KBI does not argue that the contract should be read differently.[5]  Therefore,

---

[4]      It is appropriate under federal and D.C. law for the Court to consider the contract, a document referenced in the complaint, in ruling on the motion to dismiss.  *Clark v. Feder Semo & Bard, P.C.*, 634 F. Supp. 2d 99, 106 n.3 (D.D.C. 2009); *Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 178 (D.C. 2006).

[5]      The Court notes that the appearance of Ibrahim's signature in the contract does not call into question the conclusion that KBI Transport Services was the contracting party. Ibrahim signed the contract, as well as several attachments to it, on behalf of KBI Transport Services.  Def.'s Mot. for Partial Dismissal, Ex. 1 at 10, 11, 33, 39.  Each time, the name KBI Transport Services appears; Ibrahim's signature follows on a line labeled "By:"; and another line reading "Title: Owner" appears immediately below.  *Id.*  Therefore, it is clear that Ibrahim was signing as a representative of KBI Transport Services, not in his individual capacity.  *Cf. Jaffe v. Nocera*, 493 A.2d 1003, 1008 n.2 (D.C. 1985) ("The use of the word 'by' on the signature page does 'create an inference' that [individual defendant] signed the contract as an agent on behalf of

5

despite the allegations in the complaint, it is clear that Ibrahim is not party to the contract.

Moreover, although a third party may enforce a contract under District of Columbia law if the

contract was intended to benefit that party, *see A.S. Johnson Co. v. Atl. Masonry Co.*, 693 A.2d

1117, 1122 (D.C. 1997), the complaint here does not allege that Ibrahim was a third-party

beneficiary of the contract.  Consequently, because Ibrahim is neither a party to nor a third-party

beneficiary of the contract, the breach of contract claim must be dismissed as to him.

**B.      Fraudulent Misrepresentation Claim**

MTM seeks dismissal of KBI's claim of fraudulent misrepresentation.  MTM argues that

"no alleged false representations and no material facts are set forth" in the complaint.  Def.'s

Mot. for Partial Dismissal at 3.  MTM refers to Rule 9 of the Federal Rules of Civil Procedure,

which requires that a party plead "with particularity the circumstances constituting fraud," Fed.

R. Civ. P. 9(b), and cites to several federal opinions, including one by the D.C. Circuit, supporting

the premise that a party pleading fraud "must state the time, place and content of the false

misrepresentation, [as well as] the fact misrepresented."  Def.'s Mot. for Partial Dismissal at 3

(quoting *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994)).

KBI responds that the complaint does make out a proper claim of fraud.  KBI relies on the

same sources of law MTM cites—in particular, Rule 9 and *Kowal*—but argues that "[t]he content

of what was misrepresented was adequately identified in the complaint, and the underlying

---

[two corporate entities]."); *Chidakel v. Blonder*, 431 A.2d 594, 596 (D.C. 1981) (noting that
"[c]ases from other jurisdictions have held that the word 'by' along with other factors established
that the individual was signing in a representative rather than a personal capacity").

contractual agreements provide further details of the 'time, place and content of the false misrepresentations.'"  Pls.' Opp'n at 2.  KBI does not describe these details.

As the parties note, and as is clear from the U.S. Supreme Court's recent interpretation of the specificity necessary to survive a Rule 12(b)(6) motion, federal law requires pleading concrete facts to support claims in a complaint.  *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  (quoting *Twombly*, 550 U.S. at 555)).  Similar requirements apply under D.C. law: Superior Court Civil Rule 9 mandates that "the circumstances constituting fraud or mistake shall be stated with particularity," Super. Ct. Civ. R. 9(b), and the D.C. Court of Appeals has required adherence to these "strict pleading requirements," *Atraqchi v. GUMC Unified Billing Servs.*, 788 A.2d 559, 563 (D.C. 2002) ("Facts which will enable the court to draw an inference of fraud must be alleged, and allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient."  (quoting *Bennett v. Kiggins*, 377 A.2d 57, 59-60 (D.C. 1977))).  KBI has not alleged specific facts regarding fraudulent misrepresentation.  Among other deficiencies, the complaint does not identify any particular false statement MTM made.  Therefore, under federal or District of Columbia law, KBI's claim of fraudulent misrepresentation must be dismissed.

**B.    Negligence Claim**

MTM seeks dismissal of KBI's negligence claim, arguing that, in most circumstances, "no tort action arises for negligent breach of contract."  Def.'s Mot. for Partial Dismissal at 5. Specifically, MTM asserts that where the only breached duty arises from the contract itself, no separate tort claim exists.  KBI responds by quoting the elements of a negligence claim under

D.C. law and stating that because it "has adequately [pled] these elements," its claim should not be dismissed.  Pls.' Opp'n at 3.

The Court is not persuaded by KBI's repetition of the conclusory averments of its complaint.  MTM is correct that in most circumstances, a breach of contract may only give rise to a tort claim when there is an independent basis for the duty allegedly breached.  *See Asuncion v. Columbia Hosp. for Women*, 514 A.2d 1187, 1190 & n.3 (D.C. 1986) (noting that medical malpractice can give rise to both breach of contract and tort claims); *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1200 (D.C. 1984) (permitting negligence claim arising from faulty construction of room of house to go forward despite connection to a breach of contract claim after citing cases in which specific circumstances, such as an agency relationship, intentional tortious conduct, or implied warranty, gave rise to the tort action); *see also Prouty v. Nat'l R.R. Passenger Corp.*, 572 F. Supp. 200, 206 (D.D.C. 1983) (dismissing a tort claim added to a breach of contract claim where plaintiff had made no allegation of "violation of a duty imposed by statute or law").  KBI's complaint states that MTM has a duty "to use ordinary care in the performance of its respective actions in the transactions relating to [the contract]," Compl. ¶ 41, but it does not identify any breached duty distinct from an obligation to adhere to the contract. KBI's counsel conceded on the record at oral argument on this motion that the only duty alleged by KBI Transport Services or Ibrahim arises from the contract.  Therefore, the Court must dismiss this claim as brought by both plaintiffs.

**C.**      **Unjust Enrichment Claim**

MTM seeks dismissal of KBI's claim of unjust enrichment because where an express

contract exists between the parties, "there can be no claim for unjust enrichment."  Def.'s Mot.

for Partial Dismissal at 7.  At oral argument on this motion, KBI's counsel conceded that MTM's

reasoning is correct and withdrew this claim.

## IV. CONCLUSION

For the foregoing reasons, it is this 20th day of January 2010 hereby

**ORDERED** that MTM's motion for partial dismissal is **GRANTED**.  Only the breach of

contract claim alleged by KBI Transport Services remains.

Henry H. Kennedy, Jr
United States District Judge

9